UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PAULA L. PUSEY                                                                                  PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:06CV-429-S

UNITED PARCEL SERVICE CO.                      DEFENDANT/THIRD-PARTY PLAINTIFF

v.

INTERNATIONAL BROTHERHOOD                     THIRD-PARTY DEFENDANT
OF TEAMSTERS, LOCAL UNION 2727

## MEMORANDUM OPINION

This matter is before the court on the motion of the third-party defendant, International Brotherhood of Teamsters, Local Union 2727 (the "Union"), to dismiss the third-party complaint filed against it by the defendant/third-party plaintiff, United Parcel Service Co. ("UPS").

When a motion to dismiss is made, the court must take the allegations of the third-party complaint as true and grant dismissal only when it is beyond doubt that the defendant/third-party plaintiff can prove no set of facts entitling it to relief. *See Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957). For the reasons stated herein we will grant the Union's motion.

## BACKGROUND

The plaintiff, Paula L. Pusey ("Pusey"), has been employed by UPS for approximately twenty (20) years. While an employee of UPS, Pusey was assaulted by another UPS employee, James Carter ("Carter"). As a result, UPS ordered Carter to avoid contact with Pusey. However, in November 2005, Carter approached Pusey and spoke to her. Pusey filed an internal complaint with UPS and was reassured by UPS that it would restrict Carter from contacting her further.

However, Pusey alleges that UPS restricted her and not Carter by requiring that she leave her shift whenever Carter arrives at work for his shift to ensure they do not come into contact. As

a result, she claims she cannot work any overtime or continuation of project time, opportunities for which she contends are provided to all other UPS employees.[1] Pusey argues that given that she is female and Carter is an African-American male, this restriction is discriminatory and in retaliation for her having complained about Carter.

In August 2006, Pusey filed suit against UPS in Jefferson Circuit Court, Jefferson County, Kentucky, charging it with having violated the Kentucky Civil Rights Act ("KCRA"). Relying on diversity jurisdiction, UPS removed the action to this court. UPS then filed a third-party complaint against the Union seeking indemnity for any damages it may owe Pusey. It alleges that the Union demanded enforcement of a collective bargaining agreement ("CBA") provision, the Union's interpretation of which precluded Pusey from receiving job continuation pay. Alternatively, UPS seeks to join the Union in this suit pursuant to Fed. R. Civ. P. 19(a) as a necessary party or to have this suit dismissed under Rule 19(b).

## ANALYSIS

### I. Third-Party Defendant

To be impled, a third-party defendant need not be liable to the plaintiff. *Huggins v. Graves*, 337 F.2d 486, 489 (6th Cir. 1964). Instead, the third-party plaintiff/defendant must demonstrate that the third-party defendant is potentially liable to it (the third-party plaintiff/defendant) for all or part of the plaintiff's claims. Fed. R. Civ. P. 14(a); *id.*

The law is clear that a Union can be liable alongside the employer for discrimination caused by the provisions of a collective bargaining agreement. *Acree v. Tyson Bearing Co.*, 2002 WL 463263, *2 (W.D. Ky. Jan. 17, 2002) (citing *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d

---

[1] At oral argument on this matter, UPS and the Union agreed that the collective bargaining agreement between the two provides for "continuation work" as a type of overtime used to complete certain projects begun but not finished during an employee's shift. Continuation work must be completed within two hours past the employee's shift. It differs from regular overtime in that regular overtime is distributed evenly among all employees, so that once an employee is charged with a certain amount of overtime he or she must wait until all other employees have been charged with the same amount before becoming eligible to work more overtime. Continuation work is never charged against an employee.

992, 1016 (11th Cir. 1982); *Parson v. Kaiser Alum. & Chem. Corp.*, 575 F.2d 1374, 1389 (5th Cir. 1978); and *Ariz. Governing Comm. v. Norris*, 463 U.S. 1073, 1090, 103 S.Ct. 3492, 77 L.Ed.2d 1236 (1983) ("[I]t is well established that both parties to a discriminatory contract are liable for any discriminatory provisions the contract contains, regardless of which party initially suggested inclusion of the discriminatory provisions.")). In such a case, a union may be required to indemnify an employer if that employer is found to have violated Title VII or a similar state scheme, such as the KCRA. *Acree*, 2002 WL 463263 at *2. The case at hand, however, is not such a case.

Here, there is no dispute that the CBA provision(s) governing overtime and continuation work are non-discriminatory. And, the court fails to see how the Union, merely by insisting that UPS adhere to the terms of the CBA, could have engaged in any discriminatory or retaliatory conduct. In fact, UPS does not allege that by seeking to enforce the CBA, the Union was discriminating or retaliating against Pusey. UPS' argument that its decision to deny Pusey continuation pay is a result of its obligation to follow the Union's interpretation of the CBA is a potentially a legitimate, non-discriminatory reason for its actions, but it is not a basis for impleading the Union.

## II. Joinder

In the event the Union cannot be impled, UPS seeks to have it joined as a necessary party under Fed. R. Civ. P. 19(a). Joinder is required when (1) complete relief cannot be awarded among those already parties, or (2) the party [sought to be joined] claims an interest relating to the subject of the action and is so situated that the disposition of the action in the party's absence may (a) as a practical matter impair or impeded the party's ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of that claimed interest. Fed. R. Civ. P. 19(a)(1)-(2).

UPS argues that in order to grant Pusey the equitable relief she seeks - that of ordering UPS to grant her continuation work opportunities - we must interpret the CBA. According to UPS, for such relief to be effective, the Union must be bound to our interpretation. Thus, without the Union's

presence, complete relief cannot be awarded. However, this court has no reason to interpret the CBA. Neither UPS nor the Union contend that the terms of the CBA are ambiguous. Both agree that the CBA prohibits employees from receiving continuation pay unless they perform continuation work.

UPS also contends that the Union's absence leaves UPS at risk of incurring inconsistent obligations. Whether this contention is true correct is immaterial. A plain reading of Fed. R. Civ. P. 19(a)(2) shows that the party sought to be joined must first claim an interest in the subject of the action. The Union does not. Instead, the Union seeks to have its presence dismissed from the suit.

Given that the Union is not a necessary party under Fed. R. Civ. P. 19(a), we need not consider whether it is an indispensable party potentially compelling dismissal of this suit under 19(b). A separate order consistent with this opinion will be entered this date.